IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STEPHEN USSELMAN, | ) | |
| | ) | Civil No. 07-1035-PA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHARLES A. DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241. He seeks to challenge the execution of his federal criminal sentence in this proceeding, alleging that the Thirteenth Amendment prohibits the Bureau of Prisons from subjecting him to involuntary servitude except as a specific punishment for a crime. Petitioner reasons that since he was not sentenced to hard labor, his forced participation in respondent's Agriculture and Produce Program" involving field harvesting violates his rights under the Thirteenth Amendment.

1 - ORDER

**DISCUSSION**

Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court." The only habeas corpus action covered by Rule 1(a) is the 28 U.S.C. § 2254 action. Accordingly, the court elects to exercise its discretion and apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241.

This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)); see also 28 U.S.C. § 2243 (the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

In this case, petitioner argues that the Thirteenth Amendment forbids respondent from requiring petitioner's participation in an

2 - ORDER

agricultural work program. However, the Thirteenth Amendment does not apply where prisoners are required to work in accordance with prison rules. <u>Draper v. Rhay</u>, 315 F.2d 193, 197 (9th Cir.), <u>cert. denied</u>, 375 U.S. 915 (1963); <u>see also</u> <u>Pischke v. Litscher</u>, 178 F.3d 497, 500 (7th Cir. 1999) ("The Thirteenth Amendment, which forbids involuntary servitude, has an express exception for persons imprisoned pursuant to conviction for crime."). Moreover, the Thirteenth Amendment contemplates involuntary servitude by prisoners even where the prisoner is not sentenced to hard labor. <u>See</u> <u>Ali v. Johnson</u>, 259 F.3d 317, 318 (5th Cir.2001); <u>Murray v. Miss. Dep't of Corr.</u>, 911 F.2d 1167, 1167-68 (5th Cir.1990); <u>Wendt v. Lynaugh</u>, 841 F.2d 619, 620-21 (5th Cir.1988); <u>see also</u> <u>Stiltner v. Rhay</u>, 322 F.2d 314, 315 (9th Cir. 1963) ("There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even though that conviction is being appealed.").

For these reasons, petitioner fails to state a claim upon which relief may be granted. As petitioner cannot cure this deficiency through amendment, the court summarily dismissed the Petition without leave to amend.

///

///

///

///

///

3 - ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is summarily DISMISSED.

IT IS SO ORDERED.

DATED this _____ day of August, 2007.

                                                        Owen M. Panner
                                                      United States District Judge

4 - ORDER